**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| FERRARA CANDY CO., | ) | CIVIL ACTION NO. : |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) | **COMPLAINT** |
|  | ) | (Jury Trial Demanded) |
| v. | ) |  |
|  | ) |  |
| TRINITYSUN INC. D/B/A EVAPE.US, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

The Plaintiff, Ferrara Candy Co., by way of complaint against the Defendant, states and alleges as follows:

## PARTIES

1.      Ferrara Candy Co. ("Ferrara Candy") is an Illinois corporation having its principal place of business in Oakbrook Terrace, Illinois, and therefore is deemed a citizen of the State of Illinois.  Ferrara Candy owns the intellectual property at issue herein.  Ferrara Candy, a leading manufacturer of high quality confections, owns numerous registrations for the FRUIT STRIPE trademarks.

2.      Defendant TrinitySun Inc., doing business as Evape.us, owns and operates an electronic cigarette ("e-cigarette") company, and has a principal place of business at 943 Orchard St., Akron, Pennsylvania 17572.

## JURISDICTION

3. This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 -
1127. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1338 and 1367 as well as 15 U.S.C. § 1121.
Jurisdiction is also founded on 28 U.S.C. § 1332 because this is a civil action where the matter in
controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
citizens of different States.

4. Venue is proper in the United States District Court for the Northern District of
Illinois, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims occurred in this
district, and the Defendant transacts business within this judicial district.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

5. This count states a cause of action for infringement of Ferrara Candy's Federal
Trademark Registrations pursuant to the Trademark Laws of the United States, 15 U.S.C. § 1114
*et seq.* Ferrara Candy is the exclusive owner of the following Federal Trademark Registration
Nos. (collectively, the "FRUIT STRIPE Marks"):

| | |
|---|---|
| 1,184,034 for the mark FRUIT STRIPE | |
| 3,201,209 for the mark FRUIT STRIPE 5 JUICY FLAVORS and Design |  |
| 1,029,501 for the mark FRUIT STRIPE ASSORTED GUM and Design |  |

–2–

| 3,227,185 for the mark FRUIT STRIPE BUBBLE GUM and Design |  |
| 1,843,096 for the Design Only |  |

The registrations were issued in compliance with the law. True and correct copies are attached as Exhibit A. The FRUIT STRIPE Marks are incontestable under 15 U.S.C. § 1065.

6.      Ferrara Candy has adopted the FRUIT STRIPE Marks within International Class 30 for chewing gum and bubble gum.

7.      Ferrara Candy and its predecessors in interest have continuously used the FRUIT STRIPE Marks broadly in interstate commerce for chewing gum and bubble gum products since 1960. The FRUIT STRIPE Marks are each distinctive, and each generates a strong following and recognition among consumers.

8.      Defendant has been on constructive notice of Ferrara Candy's rights in the FRUIT STRIPE Marks since 1976.

9.      Ferrara Candy's and its predecessors in interest's long, continuous and uninterrupted use of the FRUIT STRIPE Marks in the United States has made the marks and products famous and admired by consumers. The reputation, goodwill and name recognition of the FRUIT STRIPE Marks are valuable assets to Ferrara Candy.

10.     Defendant operates a retail website located at www.evape.us, where it sells and offers for sale e-cigarette products using the name FRUIT STRIPE and the design, or variations thereof. Shown below is a screenshot of Defendant's e-cigarette product offered for sale and

sold using Ferrara Candy's FRUIT STRIPE Marks and image of Ferrara Candy's FRUIT

STRIPE chewing gum and bubble gum product.



11.     Evape.us is registered as a business entity with the Pennsylvania Secretary of

State on November 14, 2013.  The Pennsylvania Secretary of State business listing for evape.us

names TrinitySun Inc. as the owner.

12.     Defendant registered the domain name www.evape.us on February 26, 2013.

13.     Defendant's use of the name FRUIT STRIPE and design or variations thereof, to

ship and sell goods in interstate commerce began long after Ferrara Candy and its predecessors

in interest first used the FRUIT STRIPE Marks.

14.     Defendant's use of the name FRUIT STRIPE and design is without Ferrara Candy's authorization and is in violation of Ferrara Candy's trademark rights.

15.     Defendant has been made aware of Ferrara Candy's prior rights in the FRUIT STRIPE Marks.  Ferrara Candy sent Defendant three cease and desist letters on August 22, 2014; September 19, 2014; and October 24, 2014.  Defendant took some steps to change its use of the FRUIT STRIPE Marks on its website, but did not completely remove the Marks.  Defendant did not respond to the letters, and continues to infringe Ferrara Candy's FRUIT STRIPE Marks. Defendant was clearly aware of Ferrara Candy's prior use of the FRUIT STRIPE Marks when it decided to use the FRUIT STRIPE name and design since it showed an image of Ferrara Candy's FRUIT STRIPE gum to sell its FRUIT STRIPE e-cigarette liquid.

16.     Defendant's FRUIT STRIPE mark is confusingly similar to Ferrara Candy's FRUIT STRIPE Marks in sight, sound, and meaning.

17.     Consumers, upon seeing Defendant's use of the FRUIT STRIPE name and design, are likely to believe that they are from Ferrara Candy, or are sponsored, endorsed or affiliated with Ferrara Candy.

18.     Defendant's use of the FRUIT STRIPE name and design in a manner confusingly similar to Ferrara Candy's federally-registered FRUIT STRIPE Marks in interstate commerce in connection with the sale of its e-cigarette goods, without the consent of Ferrara Candy, is likely to cause confusion as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace, and has damaged Ferrara Candy.

19.     The Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114.  Defendant's actions were taken in willful, deliberate, and/or intentional disregard of Ferrara Candy's rights, which makes this case exceptional under the Lanham Act.

20.     Ferrara Candy has been damaged by Defendant's actions in an amount to be proven at trial, including but not limited to all of Defendant's profits from the sale the infringing products and all damages sustained by Ferrara Candy as a result of Defendant's infringement, which exceeds $75,000, exclusive of interest and costs.  If the acts of Defendant are allowed to continue, Ferrara Candy will continue to suffer irreparable injury for which it has no adequate remedy at law.

**COUNT II**

**FEDERAL UNFAIR COMPETITION**

21.     Ferrara Candy repeats and realleges ¶¶ 1-20 of this Complaint.

22.     Defendant's use in interstate commerce of the name FRUIT STRIPE, design and variations thereof, constitutes unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23.     By reason of the similarity of the mark FRUIT STRIPES and design and by further reason of the manner of use and the display thereof by Defendant, such use and display is a violation of 15 U.S.C. §1125(a) and constitutes a false designation of origin, and false description and representation that Defendant's products are sponsored by, authorized by, or affiliated with Ferrara Candy.

24.     Defendant's actions have damaged and will continue to damage Ferrara Candy's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy.  Ferrara Candy believes that it has been, and will continue to be damaged by such unlawful acts in a manner and amount that cannot be fully measured or compensated for in economic terms.

**COUNT III**

**FEDERAL DILUTION**

25.     Ferrara Candy repeats and realleges ¶¶ 1-24 of this Complaint.

26.     This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

27.     Ferrara Candy and its predecessors in interest have continuously used the FRUIT STRIPE Marks broadly in interstate commerce for chewing gum and bubble gum products since 1960.

28.     Ferrara Candy and its predecessors in interest have invested a substantial amount of money and effort developing the FRUIT STRIPE Marks and goodwill.  A substantial portion of Ferrara Candy's target consumers for FRUIT STRIPE chewing gum and bubble gum consist of children.

29.     By virtue of Ferrara Candy's long, continuous and interrupted use, along with substantial sales of the FRUIT STRIPE Marks in connection with chewing gum and bubble gum products, the FRUIT STRIPE Marks are famous, and became famous before Defendant adopted or used them in connection with her business.

30.     Defendant's unauthorized first use of the name FRUIT STRIPE and design, or variations thereof, to ship and sell goods in interstate commerce began long after the FRUIT STRIPE Marks became famous.

31.     Defendant uses the FRUIT STRIPE Marks to offer for sale and sell e-cigarette products in interstate commerce.

32.     Defendant's use of Ferrara Candy's famous FRUIT STRIPE Marks is likely to dilute the distinctive quality of the FRUIT STRIPE Marks.  Defendant's use of the FRUIT STRIPES name and design lessens the ability of Ferrara Candy to identify and distinguish its products in the marketplace.

33.     Defendant's use of Ferrara Candy's famous FRUIT STRIPE Marks in connection with e-cigarette products is also likely to tarnish Ferrara Candy's reputation.  Such products are illegal for children to purchase and have known adverse health effects.  If parents thought Ferrara Candy was trying to use its famous candy brands to hook children into nicotine products, it would dramatically and irreparably harm Ferrara Candy and its FRUIT STRIPE trademark.

34.     Defendant has been made aware of Ferrara Candy's prior rights in the FRUIT STRIPE Marks and objections to use of the marks to sell Defendant's e-cigarette products, through at least three cease and desist letters.  Defendant was also aware of Ferrara Candy's prior use of the FRUIT STRIPE Marks when it decided to use the FRUIT STRIPE name and design.  Yet Defendant commenced use of Ferrara Candy's famous FRUIT STRIPE Marks with the willful intent to trade on the reputation, goodwill, and name recognition of the marks.

35.     Defendant's actions have damaged and will continue to damage Ferrara Candy's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy.  Ferrara Candy believes that it has been, and will continue to be damaged by such unlawful acts in a manner and amount that cannot be fully measured or compensated for in economic terms.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

36.     Ferrara Candy repeats and realleges the foregoing ¶¶ 1-35.

37.     Defendant's activities complained of constitute infringement of Ferrara Candy's common law rights and unfair competition in the state of Illinois, and other states where Defendant is conducting their activities.

38.     Defendant's use of FRUIT STRIPE and design in a manner confusingly similar to Ferrara Candy's federally-registered FRUIT STRIPE Marks in interstate commerce in connection with the advertising, promotion, and/or sale of its e-cigarette goods, without the consent of Ferrara Candy, is likely to cause confusion as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace, and has damaged Ferrara Candy.

39.     Ferrara Candy has been and continues to be damaged by such common law unfair competition in a manner and in an amount to be proven at trial, including but not limited to all of Defendant's profits from sales of the infringing products and all damages sustained by Ferrara Candy as a result of Defendant's infringement.

–9–

40.     The actions of Defendant have damaged and will continue to damage Ferrara
Candy's market, reputation and goodwill, and may discourage current and potential customers
from dealing with Ferrara Candy, if Defendant's conduct is not enjoined.

## COUNT V

## ILLINOIS ANTI-DILUTION ACT

41.     Ferrara Candy repeats and realleges ¶¶ 1-40 of this Complaint.

42.     This cause of action arises under the Illinois Trademark Registration and
Protection Act, 765 Ill. Comp. Stat. § 1036/1 *et seq.*

43.     Ferrara Candy and its predecessors in interest have continuously used the FRUIT
STRIPE Marks broadly in interstate commerce for chewing gum and bubble gum products since
1960.

44.     By virtue of Ferrara Candy's long, continuous and interrupted use, along with
substantial advertisement and promotion of the FRUIT STRIPE Marks in connection with
chewing gum and bubble gum products, the FRUIT STRIPE Marks are famous, and became
famous before Defendant starting using them to sell its e-cigarette products.

45.     Defendant's unauthorized first use of the name FRUIT STRIPE and design, or
variations thereof, to ship and sell goods in interstate commerce began long after the FRUIT
STRIPE Marks became famous.

46.     Defendant uses the FRUIT STRIPE Marks to offer for sale and sell e-cigarette
products in interstate commerce.

47.     Defendant's use of Ferrara Candy's famous FRUIT STRIPE Marks is likely to dilute the distinctive quality of the FRUIT STRIPE Marks.  Defendant's use of the FRUIT STRIPES Marks lessens the ability of Ferrara Candy to identify and distinguish its products in the marketplace.

48.     Defendant's use of Ferrara Candy's famous FRUIT STRIPE Marks in connection with e-cigarette products is also likely to tarnish Ferrara Candy's reputation as a producer of high quality confections that are promoted for children.

49.     Defendant has been made aware of Ferrara Candy's prior rights in the FRUIT STRIPE Marks, through at least three cease and desist letters.  Defendant was also aware of Ferrara Candy's prior use of the FRUIT STRIPE Marks when it decided to use the FRUIT STRIPE name and design. Yet Defendant commenced use of Ferrara Candy's famous FRUIT STRIPE Marks with the willful intent to trade on the reputation, goodwill, and name recognition of the marks.

50.     Defendant's activities complained of constitute violations of the Illinois Trademark Registration and Protection Act, 765 Ill. Comp. Stat. § 1036/65.

51.     The actions of Defendant have damaged and will continue to damage Ferrara Candy's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy.  Ferrara Candy believes that it has been, and will continue to be damaged by such unlawful acts in a manner and amount that cannot be fully measured or compensated for in economic terms.

**COUNT VI**

**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

52.     Ferrara Candy repeats and realleges the foregoing ¶¶ 1-51.

53.     This cause of action arises under Illinois's Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq*.

54.     Defendant's activities complained of constitute violations of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2.

55.      Defendant's actions have damaged and will continue to damage Ferrara Candy's market, reputation and goodwill, and may discourage current and potential customers from dealing with Ferrara Candy, if Defendant's conduct is not enjoined.

**COUNT VII**

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT**

56.     Ferrara Candy repeats and realleges the foregoing ¶¶ 1-55.

57.     This cause of action arises under Illinois's Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 505/1 *et seq*.

58.     Defendant's activities complained of constitute violations of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 505/2.

59.      Ferrara Candy has been and continues to be damaged by such common law unfair competition in a manner and in an amount to be proven at trial, including but not limited to all of Defendant's profits from sales of the infringing products and all damages sustained by Ferrara Candy as a result of Defendant's infringement.

## COUNT VIII

## UNJUST ENRICHMENT

60.     Ferrara Candy repeats and realleges the foregoing ¶¶ 1-59.

61.     Defendant has constructive and actual knowledge of Ferrara Candy's rights in the FRUIT STRIPE Marks.

62.     Defendant used Ferrara Candy's federally-registered FRUIT STRIPE Marks with the intention of benefitting from the reputation, goodwill and name recognition of the FRUIT STRIPE Marks. Defendant has made sales of e-cigarette products using Ferrara Candy's FRUIT STRIPE Marks.

63.     Defendant's activities complained of constitute unjust enrichment of Defendant at Ferrara Candy's expense.

## PRAYER FOR RELIEF

**WHEREFORE**, Ferrara Candy Co. prays that the Court enter an order:

A.     Preliminarily and permanently enjoining and restraining the Defendant, its directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant, at first during the pendency of this action and thereafter perpetually:

1.     from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Ferrara Candy's FRUIT STRIPE Marks;

–13–

2. from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Ferrara Candy's goods/services as those of Ferrara Candy;

3. from using in any manner packaging, labels, signs, webpages, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendant's goods/services, bearing the words "Fruit Stripe" and any other mark, word, designs or name confusingly similar to Ferrara Candy's FRUIT STRIPE Marks;

4. from making any statements on promotional materials or advertising for the Defendant's goods/services which are false or misleading as to source or origin; and

5. from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's goods/services are the goods/services of Ferrara Candy or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Ferrara Candy under the supervision or control of Ferrara Candy.

B. An order requiring that the Defendant deliver up to Ferrara Candy any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to "Fruit Stripe" or the Fruit Stripe design in connection with Defendant's goods/services.

C.      An order requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Ferrara Candy counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to ¶¶  A and B above.

D.      An order requiring Defendant to account and pay over to Ferrara Candy all damages sustained by Ferrara Candy arising from or related to Defendant's use of the FRUIT STRIPES Marks, including loss of goodwill, Defendant's profits, Ferrara Candy attorney's fees, and costs, and ordering that the amount of damages awarded Ferrara Candy be increased three times the amount thereof.

E.      Awarding Ferrara Candy such other relief as the Court may deem just and proper.

Respectfully Submitted,

Date:  July 10, 2015                        /Robert W. Sacoff/

MERCHANT & GOULD, P.C.
Scott Johnston, Esq. (*pro hac vice* to be filed)
Thomas J. Leach, Esq. (*pro hac vice* to be filed)
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612.332.5300

PATTISHALL, MCAULIFFE, NEWBURY,
    HILLIARD & GERALDSON LLP
Robert W. Sacoff, Esq.
Phillip Barengolts, Esq.
Seth I. Appel, Esq.
200 South Wacker Drive, Suite 2900
Chicago, Illinois  60606
Telephone:  312.554.7984

*Attorneys for Ferrara Candy Co.*